# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., KEN NAIL, ESTHETICS WORLD, INC, INTERNATIONAL BUSINESS DEVELOPMENT, INC., and IRV PYUN,<br><br>Plaintiffs,<br><br>vs.<br><br>VITAMINSPICE, EDWARD BUKSTEL, RICHARD F. SEELIG, and DOES 1 through 30, inclusive,<br><br>Defendants; | Case No. 11-CV-3718<br><br>Honorable Michael M. Baylson<br><br>**THIRD PARTY DEFENDANT JEHU HAND'S REPLY TO COUNTERCLAIM PLAINTIFFS' OPPOSITION TO HIS MOTION TO DISMISS DEFENDANTS / COUNTERCLAIM PLAINTIFFS EDWARD BUKSTEL AND VITAMINSPICE'S THIRD PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Hearing: September 20, 2012<br>Time: 10:00 am |
| EDWARD BUSTEL and VITAMINSPICE,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., KEN NAIL, ESTHETICS WORLD, INC, INTERNATIONAL BUSINESS DEVELOPMENT, INC.,<br><br>Counterclaim Defendants,<br><br>and JEHU HAND,<br><br>Third Party Defendant. | FILED<br>SEP 17 2012<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

Third Party Defendant Jehu Hand ("Hand") hereby submits his reply to Counterclaim Plaintiffs' Opposition filed on September 4, 2012 as Document #39 in this case (the "Opposition").

As a preliminary matter, Hand would like to state that he was never served with the

Defendants/Counterclaim Plaintiffs' Motion to Lift Stay and Reschedule Hearing Date filed on July 18, 2012 (Doc.# 34), nor the Opposition. The service page to these documents indicates that service was not made to the physical address nor the email address set forth on the sole document filed by Hand in this proceeding, Hand's Motion. Since the filing of the Motion, Hand has changed his physical address to the one set forth on the first page of this document, and he requests that any future service of documents in this case be made correctly.

Secondly, Hand would like to point out to the Court that in Defendants/Counterclaim Plaintiff's Reply Brief (Motion to Lift the Stay) filed August 7, 2012, their counsel promised that local counsel would be retained and have appeared, before or promptly after the Court lifts the stay of this action, which was August 10. No local counsel has appeared and Hand objects to the appearance of pro hac vice counsel when the required local counsel has not appeared, especially when the prior local counsel withdrew for lack of payment.

The Opposition fails at the hopeless task of salvaging Counterclaim Plaintiffs' claims. It appears that Counterclaim Plaintiffs' concede Hand's Motion as to Count IV and as to all Counts with respect to Bukstel, since the Opposition omits to answer Hand's Motion on those points.

Counterclaim Plaintiffs have also failed in their Opposition to point out where the Counterclaims and Third Party Claims "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). As stated in Hand's Motion, the Counterclaims and Third Party Claims merely contain recitals of boilerplate legal conclusions, without any factual support.

In addition to failure of the Counterclaims and Third Party Claims to meet Rule 9(b)'s elevated pleading standard, and the lack of any showing of loss causation, the Counterclaims

and Third Party Claims also fail on a more obvious point, which compels that Counterclaim Defendants not be given leave to amend.

Count I (Rule 10b-5), Count II (common law fraud) and Count III (negligent misrepresentation) all refer to false statements of material facts to Bukstel and VitaminSpice in connection with the purchase and sale of VitaminSpice securities. All the cases cited in support of the Opposition reference cases brought by purchasers of securities. Neither of the Counterclaim Plaintiffs allege that they sold or purchased VitaminSpice securities to Counterclaim Defendants. As stated by Judge Augustus N. Hand, "Rule 10B-5 extended protection only to the defrauded purchaser or seller. Since the complaint failed to allege that any of the plaintiffs fell within either class, the judgment of the district court was correct and is accordingly affirmed." *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (1952). In *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749 (1975), the Supreme Court confirmed that standing to bring a private right of action under section 10(b) and Rule 10b-5 is limited to plaintiffs who have purchased or sold securities in connection with manipulative or deceptive conduct. Likewise, common law fraud and misrepresentation require that one must be a party to the transaction, that is, a purchaser or seller, in order to have standing.

Counterclaim Plaintiffs only shred of argument for standing is that when Counter Defendants sold their shares, this resulted in a "diversion of substantial funds from VitaminSpice." (Answer ¶24). Counterclaim Plaintiffs appear to have the novel belief that when shareholders of a public company dispose of their shares, the issuer somehow has a claim on the cash proceeds. This is ludicrous.

DATED: September 13, 2012

By:   /s/ Jehu Hand
      Jehu Hand, in Propria Persona

## CERTIFICATE OF SERVICE

I, Kimberly Peterson, hereby certify that on this 14th day of September, 2012, the foregoing Reply to Opposition to Motion to Dismiss the Counterclaim of Edward Bukstel and VitaminSpice, were served via First Class Mail and transmitted by mal to the Clerk for filing. The following counsel received service by mail:

Hillard Sterling, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
50 West Adams Street, Suite 300
Chicago, IL 60661
(312) 345-1778

Peter Sheridan
P.O. Box 12331
Philadelphia, PA 19119
(617) 759-0099

/s/ Kimberly Peterson
Kimberly Peterson

FILED
SEP 17 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk