IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ET AL. | : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : | |
| | : | |
| VITAMINSPICE, INC., ET AL., | : : | 11-3718 |
| Defendants. | : | |

Baylson, J.                                                                                November 28, 2012


**MEMORANDUM RE: MOTION FOR INDEMNIFICATION AND ADVANCEMENT OF EXPENSES**


Presently before the court is Defendant Dr. Richard Seelig's Motion for Indemnification and Advancement of Expenses from VitaminSpice (ECF No. 45). For the reasons set forth below, the motion is DENIED without prejudice.

**I. Procedural Background**

On June 8, 2011, Plaintiffs, investors in VitaminSpice, Inc., sued VitaminSpice, its CEO Edward Bukstel, its director Dr. Richard Seelig, and Does 1-30 (persons responsible for various events and acts), for breach of the U.C.C., conversion, breach of the duty of care, breach of the duty of loyalty, and securities fraud. Most of the causes of action named VitaminSpice and/or Mr. Bukstel. Plaintiffs alleged Mr. Bukstel "initiated a systematic effort to block Plaintiff shareholders from selling their holdings" in VitaminSpice, thereby harming Plaintiffs and enriching himself. (Complaint, ¶¶ 37-39 (ECF No. 1)). As to Dr. Seelig, the company's sole outside director, Plaintiffs contended his primary wrongdoing was failing to discover Dr. Bukstel's fraudulent scheme. Two of the causes of action named Dr. Seelig: "Breach of

1

Director's Duty of Due Care" (Count III) and "Fraud" in violation of securities laws (Count VI). (Id. ¶¶ 93-102, 115-23).

Defendants filed Counterclaims against Plaintiffs and against Third-Party Defendant Jehu Hand, VitaminSpice's attorney. (ECF No. 9). Plaintiffs and Hand moved to dismiss the Counterclaims. (ECF Nos. 16 & 25). On September 20, 2012, this court granted Plaintiffs' and Hand's motion to dismiss without prejudice, granting Defendants an opportunity to amend their Counterclaims. (ECF No. 44). Defendants filed the amended pleadings on October 11, 2012. (ECF No. 47). Meanwhile, Seelig filed the present Motion for Indemnification and Advancement of Expenses from VitaminSpice (ECF No. 45), pursuant to Wyo. Stat. § 17-16-854.

**II. Relevant Statutory Provisions**

Wyo. Stat. § 17-16-854 provides that "a director may apply for indemnification or an advance for expenses to the court conducting the proceeding" in which he is a party. Upon receiving the motion, the court shall proceed as follows:

(1) If the court determines the director is entitled to mandatory indemnification under Wyo. Stat. § 17-16-852, it "shall order" indemnification.

(2) If the court determines the director is entitled to indemnification or advancement of expenses pursuant to the company's articles of incorporation, bylaws, contracts or other documents, as set forth in Wyo. Stat. § 17-16-858(a), it "shall order" indemnification or advancement.

(3) If the court "determines, in view of all the relevant circumstances that it is fair and reasonable" to indemnify or to advance expenses to the director, the court "shall order" indemnification or advancement.

See Wyo. Stat. § 17-16-854 (a)(i)-(iii). For Seelig to succeed on his motion, he must show one of the three grounds specified in Section 17-16-854(a), upon which courts "shall issue" orders for indemnification or advancement of expenses, is satisfied.

The first ground upon which a court "shall order" indemnification under Section 17-16-854(a) is if the director is entitled to mandatory indemnification under Wyo. Stat. § 17-16-852. That provision, in turn, provides that companies in Wyoming must indemnify directors if they were successful on the merits of a proceeding. See Wyo. Stat. § 17-16-852 ("A corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because he was a director of the corporation against reasonable expenses incurred by the director in connection with the proceeding.").

The second ground upon which a court "shall order" indemnification or advancement of expenses is if the director is entitled to such benefits under the company's contracts or governing documents, as set forth in Wyo. Stat. § 17-16-858(a). Section 17-16-858(a), in turn, authorizes corporations to offer protection beyond what is required under Wyoming law, i.e., mandatory indemnification, by stating such in their internal documents. See Wyo. Stat. § 17-16-858(a) ("A corporation may, by a provision in its articles of incorporation or bylaws or in a resolution adopted or a contract . . . obligate itself in advance of the act or omission giving rise to a proceeding to provide indemnification in accordance with W.S. 17-16-851 [authorizing permissive indemnification] or advance funds to pay for or reimburse expenses in accordance with W.S. 17-16-853 [authorizing advancement of fees]."); see id. § 17-16-851(a)(i)("[A] corporation may indemnify . . . a director against liability incurred in the proceeding if: (A) The director conducted himself in good faith; and (B) He reasonably believed that his conduct was in or at least not opposed to the corporation's best interests . . ."); id. § 17-16-853(a) ("A corporation may, before final disposition of a proceeding, advance funds to pay for or reimburse the expenses incurred in connection with the proceeding . . . if [the director] delivers to the corporation: (i) A written affirmation of his good faith belief that the standard of conduct described in W.S. 17-16-851 has been met . . . and (ii) His written undertaking to repay any funds advanced if the director is not entitled to mandatory indemnification . . .").

3

Finally, the court "shall order" indemnification or advancement of expenses if it "determines, in view of all the relevant circumstances that it is fair and reasonable" to order such.

## III. The Parties' Contentions

Seelig requests an order for indemnification and advancement of expenses on two grounds. First, he contends VitaminSpice is required by its bylaws to indemnify and advance his litigation costs. Second, he argues that if even this court finds indemnification and advancement to be discretionary decisions by the company, it should order indemnification and advancement on "fair and reasonable[ness]" grounds.

VitaminSpice refutes both contentions. It argues that under the company's bylaws, whether to advance expenses during the pendency of litigation is a wholly discretionary decision of the corporation and directors such as Seelig have no recourse if the company chooses, as it has here, to decline to offer such protection. VitaminSpice also asserts this Court should not issue the order on "fair and reasonableness" grounds, because Seelig has offered no evidence as to why indemnification and advancement is fair or reasonable in his case. Additionally, it points out that Seelig has no right to mandatory indemnification under Wyoming law, given that he has not yet succeeded on the merits of the case.

## IV. Discussion

None of the three grounds upon which a court shall issue an order for indemnification or advancement of expenses under Wyo. Stat. § 17-16-854 (a) is satisfied here.

First, as stated, a court shall order indemnification if it "determines that the director is entitled to mandatory indemnification under W.S. 17-16-852." <u>See id.</u> § 17-16-854(a)(i). Under Section 17-16-852, "[a] corporation shall indemnify a director who was wholly successful, on

4

the merits." Here, there has not yet been any adjudication on the merits and Seelig has not yet been successful. He unquestionably fails to qualify for the order on the first ground.

Second, a court shall order "advance[ment] for expenses if the court determines that the director is entitled to [such] . . . pursuant to a provision authorized by W.S. 17-16-858(a)." Id. § 17-16-854(a)(ii). Section 17-16-858(a) allows a corporation to "obligate itself in advance of the act or omission giving rise to a proceeding to . . . advance funds to pay for or reimburse expenses." But VitaminSpice has not so obligated itself; to the contrary, its bylaws provide that "[e]xpenses incurred in defending any proceeding *may be advanced* by the corporation prior to the final disposition of such proceeding." (Seelig Mot. for Indemnification, Ex. A (ECF No. 45) (emphasis added)). The decision whether to advance expenses to directors is a wholly discretionary one to be made by VitaminSpice. Accordingly, Seelig fails to qualify for the order on the second ground. See Advanced Mineral Sys., Inc. v. Fricke, 623 A.2d 82 (Del. Ch. 1992) (holding that because Delaware law "leaves to the business judgment of the board the task of determining . . . whether, ultimately, advancement of expenses would . . . promote the corporation's interests," and because the company's bylaws to provide for discretionary advancement, defendant's motion was denied). Compare with Ridder v. CityFed Fin. Corp., 47 F.3d 85, 87 (3d Cir. 1995) (holding plaintiff's motion for advancement of litigation expenses should have been granted because it was "plainly mandated by the by-laws" of the corporation); Pearson v. Exide Corp., 157 F. Supp. 2d 429, 432, 440-41 (E.D. Pa. 2001) (holding plaintiffs had a "contractual right [under the bylaws] to an advancement of litigation expenses" and directing the corporation to comply upon plaintiffs' presentation of invoices).[1]

Third, a court shall order indemnification or advancement if it "determines, in view of all the relevant circumstances, that it is fair and reasonable: (A) To indemnify the director; or

---

[1] The undersigned resolved a similar question of whether to compel the advancement of litigation expenses in a case where the dispute was between directors and officers and their D&O insurance carriers. Associated Elec. & Gas Ins. Services, Ltd. v. Rigas, 382 F. Supp. 2d 685 (E.D. Pa. 2004). The D&O policies at issue had contained ambiguous language regarding the insurers' obligations to advance litigation costs for their insureds, which led this Court to construe the ambiguous terms in favor of the insureds under Pennsylvania law and to conclude that advancement was required. Id. at 697-701. Associated Electric is distinguishable because here, VitaminSpice's bylaws provide in no uncertain terms that the decision whether to advance litigation costs for directors and officers is a discretionary one of the corporation. There is no need to construe the bylaws in one way or another because its terms are clear.

5

(B) To advance expenses to the director, even if he has not met the standard of conduct set forth in W.S. 17-16-851(a) . . ." Wyo. Stat. § 17-16-854(a)(iii). This third ground is fruitless for Seelig because he has presented no compelling evidence as to why indemnification or advancement is "fair and reasonable." His only arguments in this regard are that VitaminSpice has disputed the legal and factual bases of Plaintiffs' claims; that VitaminSpice denies the underlying conduct which Seelig allegedly failed to prevent; and that VitaminSpice filed counterclaims alleging that Plaintiffs are sham companies. These are restatements of the issues in dispute in this case – they are not arguments for why Seelig should be entitled to indemnification and advancement of expenses by court order.

\*\*\*

VitaminSpice, as a corporation, has discretion under company law to decide whether to advance expenses to a director facing the same circumstances as Seelig. VitaminSpice's decision not to do so was not unfair or unreasonable.  This Court should not override this discretionary determination by VitaminSpice without a showing by Seelig that he is entitled indemnification or advancement, which he has failed to make. For these reasons, the motion is DENIED without prejudice. An appropriate ORDER follows.

O:\CIVIL 11\11-3718 Advanced Multilevel v Bukstel\11-3718.memorandum denying indemnification.doc