John S. Stapleton
Dylan J. Steinberg
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200

Attorneys for Plaintiffs Advanced Multilevel Concepts,
Inc., Able Direct Marketing, Inc., and Esthetics World

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., ESTHETICS WORLD, INC, and INTERNATIONAL BUSINESS DEVELOPMENT, INC. <br><br>         Plaintiffs, <br><br> vs. <br><br> VITAMINSPICE, EDWARD BUKSTEL, and DOES 1 through 30, inclusive, <br><br>         Defendants; <br> _____ <br><br> EDWARD BUKSTEL and VITAMINSPICE, <br><br>         Counterclaim Plaintiffs, <br><br> vs. <br><br> ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., and ESTHETICS WORLD, INC., <br><br>         Counterclaim Defendants, <br><br> and JEHU HAND, <br><br>         Third Party Defendant. | Case No. 11-CV-3718 <br><br> Honorable Michael M. Baylson |

**COUNTERCLAIM DEFENDANTS'**
**<u>ANSWER TO THE AMENDED COUNTERCLAIMS</u>**

Counterclaim Defendants Advanced Multilevel Concepts, Able Direct Marketing, Inc., and Esthetics World (collectively, "Answering Defendants") respond to the allegations of Defendants VitaminSpice and Edward Bukstel's Amended Counterclaims and Third Party Claims (the "Counterclaims") as follows.

1.     Admitted in part and denied in part.  It is admitted that Bukstel acquired approximately 42 million shares in September of 2009.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 1.  They are accordingly denied.

2.     Admitted in part and denied in part.  It is admitted that VitaminSpice is a Wyoming Corporation.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 2.  They are accordingly denied.  By way of further answer, despite being publicly traded and under a statutory obligation to do so, VitaminSpice has not made a financial report to the Securities and Exchange Commission since November of 2011.

3.     Denied.

4.     Denied.  It is specifically denied that Advanced Multilevel Concepts is Hand's alter-ego.  By way of further answer, Advanced Multilevel Concepts is a Wyoming corporation.

5.     Admitted in part and denied in part.  It is admitted that Able Direct Marketing is a Wyoming corporation.  The remaining allegations of paragraph 5 are denied.  It is specifically denied that Able Direct Marketing is Hand's alter-ego.

6.     Admitted in part and denied in part.  It is admitted that Esthetics World is a Wyoming corporation.  The remaining allegations of paragraph 6 are denied.  It is specifically denied that Esthetics World is Hand's alter-ego.

7.     Denied.  The allegations of paragraph 7 refer to "International," which is not otherwise identified in the Counterclaims.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 7.  They are accordingly denied.  To the extent that the allegations of paragraph 7 are deemed to apply to Plaintiff International Business Development, Inc., it is specifically denied that International Business Development is Hand's alter-ego.

8.     Denied.  The allegations of paragraph 8 are conclusions of law as to which no response is required.  They are accordingly denied.

9.     Denied.  The remaining allegations of paragraph 9 are conclusions of law as to which no response is required.  They are accordingly denied.

10.    Admitted in part and denied in part.  It is admitted that Hand is an attorney.  The remaining allegations of paragraph 10 are denied.  It is specifically denied that Hand "represented VitaminSpice in connection with all aspects of VitaminSpice's operations." By way of further answer, upon information and belief, VitaminSpice was represented by Wolfgang Heimerl in connection with the reverse merger taking place in September of 2009. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 10.  They are accordingly denied.

11.     Admitted in part and denied in part.  It is admitted that, for administrative convenience, Hand was nominally an officer of VitaminSpice so that he would have authority to request Depository Trust Company reports in connection with his obligations as bookkeeper and securities counsel who prepared financial reports to be filed with the Securities and Exchange Commission on a quarterly and annual basis.  Although nominally an officer, it is specifically denied that Hand had any executive authority at VitaminSpice.

12.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 12, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 12 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

13.     Denied.  Any implication that any acquisition of VitaminSpice stock by the Answering Defendants was improper or part of any illegal or illicit scheme in which the Answering Defendants participated is specifically denied.  It is further specifically denied that Hand treated any or all of the Answering Defendants as his alter egos.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 13, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 13 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

14.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of

- 4 -

paragraph 14, which do not refer to the Answering Defendants.  They are accordingly denied.

To the extent that the allegations of paragraph 14 are deemed to refer indirectly to activities of

the Answering Defendants, those allegations are denied.  It is specifically denied, if alleged, that

Hand exercised domination and control over Answering Defendants.

       15.    Denied.  After reasonable investigation, Answering Defendants are

without knowledge or information sufficient to determine the truth of the allegations of

paragraph 15, which do not refer to the Answering Defendants.  They are accordingly denied.

To the extent that the allegations of paragraph 15 are deemed to refer indirectly to activities of

the Answering Defendants, those allegations are denied.

       16.    Admitted in part and denied in part.  It is admitted that a reverse merger

between VitaminSpice and Qualsec was consummated on September 28, 2009.  After reasonable

investigation, Answering Defendants are without knowledge or information sufficient to

determine the truth of the remaining allegations of paragraph 16, which do not refer to the

Answering Defendants.  They are accordingly denied.  To the extent that the remaining

allegations of paragraph 16 are deemed to refer indirectly to activities of the Answering

Defendants, those allegations are denied.

       17.    Admitted in part and denied in part.  It is admitted that Esthetics World

converted debt owed to it by Qualsec into equity as expressly allowed by the convertible notes it

held.  It is further admitted that Ekaterina Konushenko, the owner of Able Direct Marketing,

converted debt owed to her by Qualsec into equity as expressly allowed by the convertible notes

she held.  By way of further answer, Ms. Konushenko directed that her shares be issued in the

name of Able Direct Marketing.  It is further admitted that these conversions took place on or

around the time of the reverse merger.  The remaining allegations of paragraph 17 are denied.

After reasonable investigation, Answering Defendants are without knowledge or information

sufficient to determine the truth of the remaining allegations of paragraph 17, which do not refer

to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining

allegations of paragraph 17 are deemed to refer indirectly to activities of the Answering

Defendants, those allegations are denied.  Any implication that any acquisition of VitaminSpice

stock by the Answering Defendants was improper or part of any illegal or illicit scheme in which

the Answering Defendants participated is specifically denied.

        18.     Denied.  It is specifically denied that no debts were owed to Able Direct

Marketing or Konushenko.  By way of further answer, Able Direct Marketing and Konushenko

held convertible notes that entitled them to covert their debt to equity.  It is specifically denied

that these convertible notes contained false statements.  After reasonable investigation,

Answering Defendants are without knowledge or information sufficient to determine the truth of

the remaining allegations of paragraph 18, which do not refer to the Answering Defendants.

They are accordingly denied.  To the extent that the remaining allegations of paragraph 18 are

deemed to refer indirectly to activities of the Answering Defendants, those allegations are

denied.

        19.     Denied.  Answering Defendants incorporate by reference their response to

paragraph 17.  By way of further answer, the allegations of paragraph 19 are conclusions of law

regarding the "legitimacy" of certain VitaminSpice shareholders, as to which no response is

required.  They are accordingly denied.   It is specifically denied that Answering Defendants or

the shareholders listed in the Corporate Resolution were "fronts" for Hand.  After reasonable

investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 19, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 19 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

20.     Admitted in part and denied in part.  It is admitted only that Hand drafted an opinion letter and sent that letter to Stalt.  The remaining allegations of paragraph 20 are denied.  To the extent that the allegations of paragraph 20 characterize the Opinion Letter, that letter is document that speaks for itself.  It is specifically denied that the letter contained any misrepresentations or was otherwise improper.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations regarding what the Opinion Letter caused Stalt to do.  They are accordingly denied.  The remaining allegations of paragraph 20 are conclusions of law as to which no response is required.  They are accordingly denied.

21.     Denied.  Answering Defendants incorporate by reference their response to paragraph 19.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 21, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 21 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

22.     Admitted in part and denied in part.  It is admitted only that the Konushenko and Esthetics World received shares of VitaminSpice as alleged in paragraph 22.

The remaining allegations of paragraph 22 are denied.  It is specifically denied that Hand's letter was "false."  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 22, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 22 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

23.     Admitted in part and denied in part.  It is admitted that Hand handled stock certificates for Esthetics World and Konushenko.  The remaining allegations of paragraph 23 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 23, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 23 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

24.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 24, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 24 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

25.     Admitted in part and denied in part.  It is admitted that Hand processed stock certificates on behalf of the shareholders referenced in paragraph 25.  The remaining allegations of paragraph 25 are conclusions of law as to which no response is required.  They are

accordingly denied.  To the extent that the remaining allegations of paragraph 25 are not conclusions of law, those allegations are denied.

26.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 26, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 26 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

27.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 27, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 27 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

28.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 28, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 28 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

29.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 29, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 29 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

30.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 30, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 30 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

31.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 31, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 31 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.  By way of a further answer, the Answering Defendants are shareholders who purchased their securities at different times and whose status under Rule 144(i) varies as a result.  These variances arise out of the operation of the Rule, not out of any misrepresentations or false statements made by Hand.

32.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 32, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 32 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

33.     Admitted in part and denied in part.  It is admitted that, on or about July 6, 2010, Bukstel purported to terminate Hand.  The remaining allegations of paragraph 33 are denied.  It is specifically denied that Answering Defendants are aware of any improprieties committed by Hand with regard to the VitaminSpice stock they own.  After reasonable

investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 33, which do not refer to the Answering Defendants. They are accordingly denied. To the extent that the allegations of paragraph 33 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

34.     Denied. It is specifically denied that Answering Defendants engaged in any wrongful or unlawful transactions in VitaminSpice stock. It is specifically denied that Answering Defendants participated in any conspiracy to improperly or unlawfully permit them to continue trading VitaminSpice stock. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 34, which do not refer to the Answering Defendants. They are accordingly denied. To the extent that the allegations of paragraph 34 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

35.     Admitted in part and denied in part. It is admitted only that Answering Defendants have sold some shares of VitaminSpice stock and have done so in an attempt to make profits or reduce losses. The remaining allegations of paragraph 35 are denied. It is specifically denied that Answering Defendants have engaged or participated in any misconduct with regard to VitaminSpice stock. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 35, which do not refer to the Answering Defendants. They are accordingly denied. To the extent that the allegations of paragraph 35 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

36.     Denied.  The allegations of paragraph 36 characterize a "Resolution," which is a document that speaks for itself.  They are accordingly denied.  It is specifically denied that Qualsec did not hold a November 2nd, 2009 board meeting, that such meeting was improperly documented, or that participants' roles were misrepresented.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 36, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 36 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

37.     Admitted in part and denied in part.  It is admitted that Hand participated in the incorporation of Esthetics World and that Karen Campo was an officer of Esthetics World.  It is further admitted that the VitaminSpice board of directors issued a resolution authorizing the issuance of 637,180 shares of VitaminSpice to Esthetics World and that these shares were sent to Hand, who served as counsel for Esthetics World.  The remaining allegations of paragraph 37 are denied.  It is specifically denied that Esthetics World or its shares in VitaminSpice were controlled by Hand.  The remaining allegations of paragraph 37 characterize a "Resolution," which is a document that speaks for itself.  They are accordingly denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 37, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 37 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

38.     Admitted in part and denied in part.  It is admitted that, on or about November 3, 2009, VitaminSpice authorized the issuance of 637,180 shares to Able Direct Marketing.  The remaining allegations of paragraph 38 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 38, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 38 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

39.     Admitted in part and denied in part.  It is admitted that the shares issued to Able Direct Marketing were sent to Hand, who served as counsel to Able.  The remaining allegations of paragraph 39 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 39, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 39 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

40.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 40, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 40 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

41.     Denied.  It is specifically denied that the Answering Defendants participated in any "improper" stock transactions.  After reasonable investigation, Answering

Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 41, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 41 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

42.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 42, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 42 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

43.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 43, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 43 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

44.     Denied.  It is denied that Hand owned and controlled Esthetics World or that Esthetics World was merely a "purported client" of Hand.  It is denied that Hand arranged for a wire transfer from Esthetics World to Farinella and Adams for aggressive promotion of VitaminSpice stock.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 44, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 44 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

45.     Admitted in part and denied in part.  It is admitted that Esthetics World owned VitaminSpice shares and sold some of them, on or about November 4 or 5.  The stock price of VitaminSpice is a matter of public record.  The remaining allegations of paragraph 45 are denied.  It is specifically denied that Esthetics World's shares were sold by Hand "under the guise" of Esthetics World.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 45, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 45 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

46.     Admitted in part and denied in part.  It is admitted that Esthetics World owned VitaminSpice shares and sold some of them in December of 2009.  The stock price of VitaminSpice is a matter of public record.  The remaining allegations of paragraph 46 are denied. It is specifically denied that Esthetics World's shares were sold by Hand "under the guise" of Esthetics World.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 46, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 46 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

47.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 47, which do not refer to the Answering Defendants.  They are accordingly denied.

To the extent that the allegations of paragraph 47 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

48.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 48, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 48 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

49.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 49, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 49 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

50.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 50, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 50 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

51.     Denied.  The stock price of VitaminSpice is a matter of public record. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 51, which do not refer to the Answering Defendants.  They are accordingly denied.    To the extent that the allegations of

paragraph 51 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

52.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 52, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 52 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

53.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 53, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 53 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

54.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 54, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 54 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

55.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 55, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 55 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

56.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 56, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 56 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

57.     Admitted in part and denied in part.  It is admitted only that some of Answering Defendants sold shares of VitaminSpice between May 5, 2010 and April 1, 2011. The stock price of VitaminSpice is a matter of public record.  The remaining allegations of paragraph 57 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 57, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 57 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

58.     Admitted in part and denied in part.  It is admitted only that the value of VitaminSpice shares has fallen and that its market capitalization is currently less than $ 1 million.  The stock price of VitaminSpice is a matter of public record.  The remaining allegations of paragraph 58 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 58, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 58 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

59.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 59, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 59 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

60.     Admitted in part and denied in part.  It is admitted that, on or about July 6, 2010, Bukstel purported to terminate Hand.  The remaining allegations of paragraph 60 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 60, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 60 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

61.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 61, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 61 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

62.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 62, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 62 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

63.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 63, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 63 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

64.     Admitted in part and denied in part.  Answering Defendant Esthetics World admits that it was a Qualsec note holder who converted its debt into equity on or around the time the reverse merger between VitaminSpice and Qualsec was consummated, on September 28, 2009.  Answering Defendant Able admits that it received stock as a result of the conversion into equity of a Qualsec note held by Konushenko on or around the time the reverse merger between VitaminSpice and Qualsec was consummated, on September 28, 2009.  The remaining allegations of paragraph 64 are denied.  It is specifically denied that Hand controlled Answering Defendants.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 64, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the remaining allegations of paragraph 64 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

65.     Admitted in part and denied in part.  It is admitted that Hand is counsel to Answering Defendants and that, in that role, he participated in their incorporation.  It is further admitted that some of the officers and directors of Answering Defendants live overseas.  The remaining allegations of paragraph 65 are denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the

remaining allegations of paragraph 65, which do not refer to the Answering Defendants. They are accordingly denied. To the extent that the remaining allegations of paragraph 65 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

66.     Denied. It is denied that Hand exercised control over Answering Defendants. The remaining allegations of paragraph 66 are conclusions of law as to which no response is required. They are accordingly denied.

67.     Denied. It is specifically denied that Hand has improperly "pocketed" the proceeds from sales of VitaminSpice by Esthetics World. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 67, which do not refer to the Answering Defendants. They are accordingly denied. To the extent that the remaining allegations of paragraph 67 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

68.     Denied. It is specifically denied that Answering Defendants are not distinct and viable entities. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 68, which do not refer to the Answering Defendants. They are accordingly denied. To the extent that the remaining allegations of paragraph 68 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

69.     Denied. It is specifically denied that Answering Defendants are not distinct and viable entities. It is specifically denied that Answering Defendants were Hand's alter egos. After reasonable investigation, Answering Defendants are without knowledge or

information sufficient to determine the truth of the remaining allegations of paragraph 69, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 69 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

70.     Denied.  It is specifically denied that Hand exercised control over Answering Defendants.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 70, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 70 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

71.     Denied.  It is specifically denied that Hand exercised control over Answering Defendants or that Answering Defendants improperly transferred shares of VitaminSpice between each other or to Hand.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 71, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 71 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

72.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 72, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 72 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

73.     Admitted in part and denied in part.  It is admitted that Answering Defendants were able to own and trade VitaminSpice stock. The remaining allegations of paragraph 73 are denied.  It is specifically denied that Hand controlled Answering Defendants. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 73, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the remaining allegations of paragraph 73 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

74.     Admitted in part and denied in part.  It is admitted that Answering Defendants are influenced by Hand, who serves as their counsel.  The remaining allegations of paragraph 74 are denied.

75.     Denied.  The allegations of paragraph 75 are conclusions of law as to which no response is required.  They are accordingly denied.

76.     Answering Defendants incorporate their previous responses.

77.     Denied.  The allegations of paragraph 77 are conclusions of law as to which no response is required.  They are accordingly denied.

78.     Denied.  The allegations of paragraph 78 are conclusions of law as to which no response is required.  They are accordingly denied.

79.     Denied.  The allegations of the first sentence of paragraph 79 are conclusions of law as to which no response is required.  They are accordingly denied.  The remaining allegations of paragraph 79 are denied.

80.      Denied.  It is denied that Answering Defendants ever secured or exerted control over the float of VitaminSpice stock.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the remaining allegations of paragraph 80, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 80 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

81.      Denied.

82.      Denied.

83.      Denied.  The allegations of paragraph 83 are conclusions of law as to which no response is required.  They are accordingly denied.

84.      Denied.  The allegations of paragraph 84 are conclusions of law as to which no response is required.  They are accordingly denied.

85.      Answering Defendants incorporate their previous responses.

86.      Denied.  The allegations of paragraph 86 are conclusions of law as to which no response is required.  They are accordingly denied.

87.      Denied.

88.      Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 88, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 88 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

89.     Denied.  The allegations of paragraph 89 are conclusions of law as to which no response is required.  They are accordingly denied.

90.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 90, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 90 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

91.     Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 91, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 91 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

92.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 92, which do not refer to the Answering Defendants.  They are accordingly denied. To the extent that the allegations of paragraph 92 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

93.     Denied.  The allegations of paragraph 93 are conclusions of law as to which no response is required.  They are accordingly denied.

94.     Answering Defendants incorporate their previous responses.

95.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

96.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

97.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

98.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

99.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

100.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

101.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

102.     The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

103.     Answering Defendants incorporate their previous responses.

104.     Denied.  The allegations of paragraph 104 are conclusions of law as to which no response is required.  They are accordingly denied.

105.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 105, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 105 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

106.    Denied.  The allegations of paragraph 106 are conclusions of law as to which no response is required.  They are accordingly denied.

107.    Denied.  The allegations of paragraph 107 are conclusions of law as to which no response is required.  They are accordingly denied.

108.    Answering Defendants incorporate their previous responses.

109.    Denied.

110.    Denied.

111.    Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 111, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 111 are deemed to refer indirectly to activities of the Answering Defendants, those allegations are denied.

112.    Denied.

113.    Denied.  The allegations of paragraph 113 are conclusions of law as to which no response is required.  They are accordingly denied.

114.    Answering Defendants incorporate their previous responses.

115.    Denied.

116.    Denied.

117.    Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to determine the truth of the allegations of paragraph 117, which do not refer to the Answering Defendants.  They are accordingly denied.  To the extent that the allegations of paragraph 117 are deemed to refer indirectly to activities of

the Answering Defendants, those allegations are denied.

118.    Denied.  The allegations of paragraph 118 are conclusions of law as to which no response is required.  They are accordingly denied.

119.    Denied.  The allegations of paragraph 119 are conclusions of law as to which no response is required.  They are accordingly denied.

120.    Answering Defendants incorporate their previous responses.

121.    The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

122.    The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

123.    The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

124.    The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

125.    The allegations of this count are directed only to Hand and not to Answering Defendants.  Accordingly, no response is required.

WHEREFORE, Answering Defendants respectfully request that the Court deny all relief sought in the Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Champerty / Maintenance

Counter Plaintiffs' recovery is barred since they have, on information and belief, offered a share of any proceeds from the Counterclaims to another person, believed to be Keith Alan Mazer or an entity under his control and/or direction (Champerty). Alternatively, recovery by Counter Plaintiffs is barred because Mazer, or an entity under his control and/or direction is financing the Counterclaims, for the purpose of meddling and harassing Hand, and otherwise for Mazer's personal gain (Maintenance). *See Clark v. Cambria County Board of Assessment Appeals*, 747 A 2d 1242, 1245-46 (Pa. Commw. Ct. 2000).

### SECOND AFFIRMATIVE DEFENSE
### Fails to State Cause of Action

The Counterclaims are barred because they fail to state causes of action.

### THIRD AFFIRMATIVE DEFENSE
### Laches

The Counterclaims are barred in whole or in part by laches.

### FOURTH AFFIRMATIVE DEFENSE
### Unclean Hands

The Counterclaims are barred in whole or in part by Counter Plaintiffs' unclean hands and improper conduct.

### FIFTH AFFIRMATIVE DEFENSE
### No Damages

Counter Plaintiffs have not been damaged by any action alleged to have been taken by Answering Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### Setoff / Recoupment

Any amount sought to be recovered in this action is barred in whole or in part by the amounts owing from Counter Plaintiffs to Answering Defendants or by Counter Plaintiffs own breaches in the same occurrence or transaction.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver

The Counter Plaintiffs' actions in the transaction constitute a waiver and release of liability to Answering Defendants.

### EIGHTH AFFIRMATIVE DEFENSE
### In Pari Delicto

The Counterclaims are barred because Counter Plaintiffs, and others acting in concert with them, have engaged in courses of conduct and acts which rendered them *in pari delicto*.

### NINTH AFFIRMATIVE DEFENSE
### Equitable Estoppel

Each and every cause of action contained in the Counterclaims, are barred by reason of acts, omissions, representations and courses of conduct by Counter Plaintiffs upon which Answering Defendants relied, to their detriment, thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by the Counter Plaintffs.

### TENTH AFFIRMATIVE DEFENSE
### Statute of Limitations

Upon information and belief, Answering Defendants allege that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Counter Plaintiffs seek by way of their Counterclaims, each cause of action in the Counterclaims is barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE
### Counter-Plaintiffs' Own Conduct

Counter-Plaintiffs are barred from any recovery and relief because their purported damages, if any, were cause by their own conduct and misconduct.

### TWELFTH AFFIRMATIVE DEFENSE
### Counter-Plaintiffs' Bad Faith

Counter-Plaintiffs have engaged in bad faith in converting Plaintiffs' property, engaging in additional improprieties against Plaintiffs, and by Counter-Plaintiffs, and other improper conduct. As such, Counter-Plaintiffs cannot seek and/or recover amounts as alleged in the Counterclaims. The allegations of the Complaint are incorporated herein by reference.

Dated: February 8, 2013

HANGLEY   ARONCHICK   SEGAL
PUDLIN & SCHILLER

/s/ Dylan J. Steinberg
John S. Stapleton
Dylan J. Steinberg
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200

Attorneys for Plaintiffs Advanced Multilevel Concepts, Inc., Able Direct Marketing, Inc., and Esthetics World, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February, 2013, a copy of the foregoing Answer to Amended Counterclaims was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Pennsylvania and will be sent electronically to the registered participants by the ECF system.

/s/ Dylan J. Steinberg
Dylan J. Steinberg