# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADVANCED MULTILEVEL CONCEPTS, INC.,
ABLE DIRECT MARKETING INC., ESTHETICS
WORLD, INC, and INTERNATIONAL BUSINESS
DEVELOPMENT, INC.

                Plaintiffs,

     vs.

VITAMINSPICE, EDWARD BUKSTEL, and DOES
1 through 30, inclusive,

                Defendants;

-----------------------------------------------------------------

EDWARD BUKSTEL and VITAMINSPICE,

                Counterclaim Plaintiffs,

     vs.

ADVANCED MULTILEVEL CONCEPTS, INC.,
ABLE DIRECT MARKETING INC.,  and
ESTHETICS WORLD, INC.,

                Counterclaim Defendants,

 and JEHU HAND,

                Third Party Defendant

Case No. 11-CV-3718

Honorable Michael M. Baylson

## ORDER

      AND NOW, this _____ day of _____, 2013 upon consideration of Plaintiffs

Advanced Multilevel Concepts and Able Direct Marketing's Motion for Partial Summary

Judgment, and any opposition thereto, it is hereby ORDERED that Plaintiffs' Motion is

GRANTED.

                         BY THE COURT:

                         _____

                         Hon. Michael M. Baylson

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., ESTHETICS WORLD, INC, and INTERNATIONAL BUSINESS DEVELOPMENT, INC. | : : : : |
| Plaintiffs, | : |
| vs. | : |
| VITAMINSPICE, EDWARD BUKSTEL, and DOES 1 through 30, inclusive, | : : |
| Defendants; | : |
| ---------------------------------------------------------------- | : |
| EDWARD BUKSTEL and VITAMINSPICE, | : |
| Counterclaim Plaintiffs, | : |
| vs. | : |
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC.,  and ESTHETICS WORLD, INC., | : : : |
| Counterclaim Defendants, | : |
|  and JEHU HAND, | : |
| Third Party Defendant | : |

Case No. 11-CV-3718

Honorable Michael M. Baylson

### PLAINTIFFS ADVANCED MULTILEVEL CONCEPTS AND ABLE DIRECT MARKETING'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and for the reasons set forth in the accompanying memorandum of law, Plaintiffs Advanced Multilevel Concepts, Inc. and Able Direct Marketing, Inc. move for summary judgment as to liability on Count I of Plaintiffs' Complaint.

Dated:  March 8, 2013

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By:____/s/_Dylan J. Steinberg_____
      John S. Stapleton
      Dylan J. Steinberg
      One Logan Square, 27th Floor
      Philadelphia, PA 19103
      (215) 568-6200

Attorneys for Plaintiffs Advanced Multilevel Concepts, Inc., Able Direct Marketing, Inc.

John S. Stapleton
Dylan J. Steinberg
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200

Attorneys for Plaintiffs Advanced Multilevel Concepts,
Inc., and Able Direct Marketing, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., ESTHETICS WORLD, INC, and INTERNATIONAL BUSINESS DEVELOPMENT, INC.<br><br>                    Plaintiffs,<br><br>vs.<br><br>VITAMINSPICE, EDWARD BUKSTEL, and DOES 1 through 30, inclusive,<br><br>                    Defendants; | Case No. 11-CV-3718<br><br><br>Honorable Michael M. Baylson |
| EDWARD BUKSTEL and VITAMINSPICE,<br><br>                    Counterclaim Plaintiffs,<br><br>vs.<br><br>ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC.,  and ESTHETICS WORLD, INC.,<br><br>                    Counterclaim Defendants,<br><br> and JEHU HAND,<br><br>                    Third Party Defendant. | **PLAINTIFFS ADVANCED MULTILEVEL CONCEPTS AND ABLE DIRECT MARKETING'S MOTION FOR PARTIAL SUMMARY JUDGMENT [FED. R. CIV. P. 56]** |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF UNDISPUTED FACTS ..........................................................2

III.    ARGUMENT .........................................................................................................2

      A.      Standard of Review ...................................................................................2

      B.      UCC § 8-401 Imposes a Duty Upon Issuers to Register Transfer of a
           Stock Certificate Upon the Registered Owner's Demand ....................... 3

      C.      VitaminSpice Breached UCC § 8-401 When It Delayed Transfer of
           Plaintiffs' Stock Certificates by 30 Days ...............................................4

IV.     CONCLUSION ......................................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Advanced Multilevel Concepts, Inc. v. Stalt, Inc.*,
   No. 11–6679–SC, 2012 WL 1835734 (N.D. Cal. May 21, 2012) ........................................6

*Anderson v. Liberty Lobby Inc.*,
   477 U.S. 242 (1986) ...................................................................................................................3

*Booth v. Pence*,
   354 F. Supp. 2d 553 (E.D. Pa. 2005) .......................................................................................3

*Celotex Corp v. Catrett*,
   477 U.S. 317, 323 (1986) ..........................................................................................................3

*Kornegay v. Cottingham*,
   120 F.3d 392 (3d Cir. 1997)......................................................................................................2

*Matsushita Elec. Indus. Co. v. Zenith*,
   475 U.S. 574 (1986) ..................................................................................................................3

*Superior Offshore Int'l, Inc. v. Bristown Group*,
   2012 U.S. App. LEXIS 15539 (3d Cir. July 27, 2012) .............................................................3


**Statutes, Rules & Other**

Federal Rule of Civil Procedure 56 .......................................................................................1, 2

Wyoming Statute Annotated § 34.1-8-107 (Uniform Commercial Code 8-107) ......................4

Wyo. Stat. Ann. § 34.1-8-401 (UCC § 8-401) ...............................................................1, 3, 4, 5

Wyo. Stat. Ann. § 34.1-8-403 (UCC § 8-403) .......................................................................4, 5

Wyo. Stat. Ann. § 34.1-8-407 (UCC § 8-407) ...................................................................... 5, 6


**Treatises**

Hawkland & Rogers, *UCC Series* § 8-403 (Rev Art 8) ............................................................5

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

### I.   INTRODUCTION

On June 8, 2011, Plaintiffs filed suit against Defendants VitaminSpice and Bukstel for, *inter alia*, breach of Article 8 of Uniform Commercial Code (Count I) in connection with "stop orders" imposed by VitaminSpice (the "Company") on Plaintiffs' certificates 1203, 1406 and 1407 representing 6,703,463 shares of VitaminSpice common stock.  Pursuant to Fed. R. Civ. P. 56, Plaintiffs hereby move for partial summary judgment as to liability on Count I based on Defendants' refusal to transfer Stock Certificates 1203 and 1406 (the "Stock Certificates").

UCC Section 8-401 ("Section 401"), enacted in Wyoming as Wyo. Ann. Stat. § 34.1-8-401,[1] requires an issuer to transfer a stock certificate at the request of the registered owner. There is no dispute that Plaintiffs Advanced Multilevel Concepts, Inc. ("Advanced") and Able Direct Marketing, Inc. ("Able") presented the Stock Certificates for transfer or that VitaminSpice refused to transfer the Stock Certificates.  Because Section 401 is a strict liability statute, no triable issue exists in connection with Plaintiffs' claims under Count I.  Defendants cannot dispute that Advanced and Able were registered owners of the Stock Certificates.   Nor can Defendants deny the fact that they knowingly refused Plaintiffs' demand that transfer be registered on January 4 and February 9, 2011.  Consequently, there are no genuinely disputed material facts as to the question of Defendants' liability for their refusal to transfer the Stock Certificates.

---

[1] Because VitaminSpice is a Wyoming Corporation (Answer, Doc. 9, ¶ 8), the Wyoming Commercial Code governs the transfer of its certificated securities.  *See* Wyo. Stat. § 34.1-110(a) ("[T]he local law of the issuer's jurisdiction, as specified in subsection (d) of this section governs . . . the rights and duties of the issuer with respect to registration of transfer.").  In addition, there is no actual conflict of law because both Pennsylvania and Wyoming have adopted the Uniform Commercial Code, Article 8.  *See* 13 Pa. Const. Stat. § 8401 *et seq.*; Wyo. Stat. Ann. § 34.1-8-401 *et seq.*  For these reasons, Plaintiffs will refer to the Wyoming Statutes interchangeably with the Uniform Commercial Code.

## II.  STATEMENT OF UNDISPUTED FACTS

1.     At all times relevant to Count I of Plaintiffs' Complaint, Advanced Multilevel Concepts Inc. was the registered owner of stock certificate 1406, which represented a total of 1,726, 283 shares of VitaminSpice common stock.  Ex. 1 to Affidavit of Jehu Hand ("Hand Aff't.")

2.     At all times relevant to Count I of Plaintiffs' Complaint, Able Direct Marketing Inc. was the registered owner of stock certificate 1203, which represented a total of 3,037,180 shares of VitaminSpice common stock.  (Ex. 2 to Hand Aff't)

3.     On July 12 and October 7, 2010, Bukstel and VitaminSpice imposed stop orders on the Stock Certificates, directing the Company's transfer agent, Stalt, Inc. ("Stalt"), not to allow transfer of the Stock Certificates.  (Exs. 1, 2 to Hand Aff't)

4.     On January 4 and February 8, 2011, Plaintiffs properly presented stock certificates 1203 and 1406 to Stalt for transfer.  (Exs. 3, 4 to Hand Aff't)

5.     Because of the stop orders imposed by Bukstel and VitaminSpice, Advanced and Able were not permitted to transfer the Stock Certificates upon request.  (Hand Aff't, ¶¶ 8, 9; Exs. 3, 4)

## III. ARGUMENT

### A.  <u>Standard of Review</u>

"Summary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law."  *Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir. 1997); Fed. R. Civ. P. 56(a) (2012).  "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). "To avoid summary judgment, the non-moving party must produce more than a 'mere scintilla' of evidence to demonstrate a genuine issue of material fact." *Booth v. Pence*, 354 F. Supp. 2d 553, 557 (E.D. Pa. 2005). "If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986).

"In order for a dispute to be 'genuine,' the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts but must instead come forward with specific facts showing that there is a genuine issue for trial." *Superior Offshore Int'l, Inc. v. Bristown Group*, 2012 U.S. App. LEXIS 15539 at *10 (3d Cir. July 27, 2012) (citing *Matsushita Elec. Indus. Co. v. Zenith*, 475 U.S. 574, 586 (1986)). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 586.

### B. UCC § 8-401 Imposes a Duty Upon Issuers to Register Transfer of a Stock Certificate Upon the Registered Owner's Demand.

Section 401, entitled *Duty of Issuer to Register Transfer*, requires that "if a certificated security in registered form is presented to an issuer with a request to register transfer . . . the issuer shall register the transfer as requested." Wyo. Stat. Ann. § 34.1-8-401. Section 401 also establishes that the issue is liable to the registered owner if a requested transfer is not made or is unreasonably delayed. *Id.* ("If an issuer is under a duty to register a transfer of a security, the issuer is liable to a person presenting a certificated security . . . for loss resulting from unreasonable delay . . .or failure or refusal to register the transfer."). The comments to Section 8-401 make clear that "the person entitled to registration may not only compel it but

may hold the issuer liable in damages for unreasonable delay."  Wyo. Stat. Ann. § 34.1-8-401, cmt. 2.

**C.  <u>VitaminSpice Breached UCC § 8-401 When It Delayed Transfer of Plaintiffs'
Stock Certificates by 30 Days.</u>**

Plaintiffs properly presented their Stock Certificates for transfer on January 4 and February 9, 2011.  (Exs. 3, 4 to Hand Aff't)  Defendant VitaminSpice delayed transfer for not less than 30 days and in doing so breached its duty to transfer Plaintiffs' Shares pursuant to Section 401.  As made clear in correspondence from Stalt to Bukstel, the delay in transfer was caused by stop orders imposed by VitaminSpice.  *See* Ex. 3 to Hand Aff't ("As you are aware, VitaminSpice placed a Stop Order on certificate 1203 held by Able Direct Marketing.").[2]  In its letter, Stalt informed the Company and Bukstel that, unless the Company could provide a court order or indemnity bond within 30 days, the stop order would be lifted.  VitaminSpice failed to provide such an order or bond. (Hand Aff't ¶ 11)  Because of VitaminSpice's refusal to lift the stop order, Plaintiffs' requested transfers were unreasonably delayed by at least 30 days, causing damage to Plaintiffs in an amount to be determined at trial.

The Wyoming Commercial Code limits the right to demand that the issuer of a security not registered a transfer to the registered owners of the security. Wyo. Ann. Stat. §§ 34.1-8-403(a); 34.1-8-107(a)(i).  "The general rule under this article is that if there has been an effective instruction [to transfer]. . . a person who contends that the registration of the transfer would be wrongful should not be able to interfere with the registration process merely by sending notice of the assertion to the issuer. . . . the claimant must obtain legal process." Wyo. Ann. Stat. § 34.1-8-403 cmt. 1.  The comment continues, "Section 8-403 is an exception to this general rule [which] permits the registered owner – but not third parties – to demand

---

[2] Exhibit 4 to Hand Aff't is a letter, identical in form and content except that it refers to certificate 1406, registered to Advanced.

that the issuer not register a transfer." *Id*; *see also*, Hawkland & Rogers, *UCC Series* § 8-403:04 (Rev Art 8) ("Article 8 provides that the *registered owner* may make a demand upon the issuer that the issuer not register the transfer") (emphasis added).  Such a demand may be made only "by the *registered owner* or, if the registered owner is deceased or has become incompetent, the executor, conservator, or the like who has power to act on for the registered owner." Hawkland, § 8-403:03, n.1 (emphasis added).

VitaminSpice was not the registered owner of the Stock Certificates and therefore lacked the authority to make an effective demand that the issuer not register a transfer.[3] Because VitaminSpice had no authority to make an effective demand that the issuer not register a transfer under § 34.1-8-403, its demand was ineffective, and Wyo. Ann. Stat. § 34.1-8-403 does not apply.  Accordingly, VitaminSpice is liable for breach of Section 8-401.

There is no question that Section 8-401 applies to the transfers here or that Defendants unreasonably delayed a transfer when requested by the registered owners of the Stock Certificates.  Indeed, another court, faced with interpretation of a parallel section of the UCC applying to transfer agents and examining *the identical transaction*, has already strongly suggested that the UCC was violated when Plaintiffs' request to transfer their securities was

---

[3] "An indorsement [or] instruction [to transfer] is effective if it is made by the appropriate person." Wyo. Ann. Stat. § 34.1-8-107(b).  An "appropriate person" is "the person specified by a security certificate . . . to be entitled to the security." Wyo. Ann. Stat. § 34.1-8-107(a). VitaminSpice was not the person specified the security certificate to be entitled to the security.  Rather, Plaintiffs were specified by the certificate to be entitled to the security and only they may make demand that the issuer not register transfer.  The issuer in this case, VitaminSpice, has no independent authority to do so.  *Id.*

refused.  *See Advanced Multilevel Concepts, Inc. v. Stalt, Inc.*, No. 11–6679–SC, 2012 WL 1835734 (N.D. Cal. May 21, 2012) at *7-8.[4]

Pursuant to UCC § 8-407, a transfer agent and the issuing company owe identical duties to a registered owner of a security.[5]  Accordingly, Advanced and Able also filed suit against Stalt, VitaminSpice's registered transfer agent, in a California federal court, for, *inter alia*, breach of the UCC in connection with the very same stop orders at issue here.  In that case, the court found that "Plaintiffs may have a strong case against Stalt on summary judgment" and that Stalt's attempt to argue that the UCC allowed a 30 day delay under these circumstances was "unpersuasive."  *Id.*

## IV. CONCLUSION

For the reasons mentioned above, Defendants are liable to Advanced and Able for violations of Section 8-401 of the UCC.  Because no genuine issue of material fact is presented, the Court should grant Plaintiffs' Motion for Partial Summary Judgment.

Dated:  March 8, 2013

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By:    /s/  *Dylan J. Steinberg*
    John S. Stapleton
    Dylan J. Steinberg
    One Logan Square, 27th Floor
    Philadelphia, PA 19103
    (215) 568-6200

*Attorneys for Plaintiffs Advanced Multilevel Concepts, Inc., Able Direct Marketing, Inc.*

---

[4] In *Stalt*, the court was faced with a motion for judgment on the pleadings.  It denied Advanced and Able's motion because it could not infer from the face of the pleadings that VitaminSpice had never been assigned ownership of the Stock Certificates via special indorsement such that they would have rights to those of a registered owner.  *Id.* at 21.  Here, at summary judgment, where Defendants have the opportunity to present evidence in support of such a defense, no such problem of inference exists.

[5] "[A] transfer agent . . . has the same obligation to the holder or owner of a certificated . . . security with regard to the particular functions performed as the issuer has in regard to those functions."  Wyo. Stat. Ann. § 34.1-8-407.

John S. Stapleton
Dylan J. Steinberg
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200

Attorneys for Plaintiffs Advanced Multilevel Concepts,
Inc., and Able Direct Marketing, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., ESTHETICS WORLD, INC, and INTERNATIONAL BUSINESS DEVELOPMENT, INC. | Case No. 11-CV-3718 |
| Plaintiffs, | Honorable Michael M. Baylson |
| vs. | |
| VITAMINSPICE, EDWARD BUKSTEL, and DOES 1 through 30, inclusive, | **AFFIDAVIT OF JEHU HAND** |
| Defendants; | |
| EDWARD BUKSTEL and VITAMINSPICE, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING INC., and ESTHETICS WORLD, INC., | |
| Counterclaim Defendants, | |
| and JEHU HAND, | |
| Third Party Defendant. | |

Jehu Hand comes before this Court and declares as follows:

1.     I have personal knowledge of the facts set forth in this Declaration, and if required could competently testify as to such facts in this Court.

2.     I served as corporate counsel to Plaintiffs Advanced Multilevel Concepts Inc. ("Advanced") and Able Direct Marketing Inc. ("Able") at all times materially relevant to the Complaint in the above captioned litigation.

3.     Prior to my engagement with Plaintiffs I had been the principal of a registered broker-dealer, Jackson, Kohle & Co., since 1992.  As a result of that experience I am readily familiar with industry standards and practices pertaining to the transfer and registration of stock certificates in connection with publicly traded companies.

4.     Plaintiff Able initially provided its stock certificate # 1203 in 2010, prior to the imposition of the stop transfer by VitaminSpice and Stalt, Inc. on July 12, 2010. (Exhibit 1) At the time that Able received notice of the stop transfer, it had already delivered the share certificate to its broker and was completing due diligence documentation  for the deposit. This documentation was extensive and in 2010, the Financial Regulatory Authority (FINRA) was tightening the procedures under which brokers were working with respect to accepting stock certificates deposit into brokerage accounts. Upon receipt of the stop transfer notice, Able directed me to inquire of its broker dealer regarding the impact that the stop transfer would have on Able's ability to deposit certificate # 1203.

5.     In compliance with Able's request, I conferred with Able's broker. Their conclusion was that since one of the due diligence requirements imposed by FINRA was that the broker confirm, with Stalt, the lack of any stop transfer on Able's shares, that there was no point in continuing with any attempts to deposit Able's certificate #1203. (Exhibit 2)  The reason being, that even if the stop was lifted in order to permit transfer of the shares into the name of the clearing agency, there was nothing to stop VitaminSpice and Stalt from imposing a new stop transfer on the new stock certificate (which indeed happened with respect to Advanced's shares) and there was a possibility that VitaminSpice might "revoke" its lifting of the stop transfer and cause a "buy in," occasioning unlimited liability on the part of the broker. As a result, the broker

declined to proceed with the deposit.

6. As detailed in Exhibits 3 and 4 to this affidavit, Plaintiffs in this action both presented their certificates for transfer. The specific reason that these Plaintiffs attempted deposit at a later time, notwithstanding the information set forth in the preceding paragraph, is that I was present in the audience at one of the hearings in late December 2010 or early January 2011 in Orange County Superior Court case 30-2010-00423757. In that proceeding, Plaintiffs, along with other parties, had sued VitaminSpice and Stalt to lift the stop transfer. During oral argument, counsel for VitaminSpice Buus made a representation to the Court, or better said perhaps, it was my impression that he made the statement, that VitaminSpice would not reimpose any stop transfer after any plaintiff (including Able) transferred their shares to another person. Armed with Mr. Buus's representation, I again approached Able's broker with this information, and it then felt it could then, and only then, accept Able's certificate.

7. It was my firm opinion that the only reason that Able and later Advanced were able to deposit their shares was because VitaminSpice and Stalt felt themselves under scrutiny of Orange County Superior Court and/or the threat of continued litigation.

8. Able presented certificate # 1203 for transfer on January 4, 2011. Transfer was denied.

9. Advanced presented certificate # 1406 on February 9, 2011. Transfer of this certificate was also denied.

10. The letters sent out by Stalt, attached as Exhibits 3 and 4 to this affidavit indicate that VitaminSpice had thirty days day to provide Stalt with a court order or indemnity bond, or else the stop order would be released after the thirty days lapsed, if Vitaminspice had not withdrawn the stop order prior to that time.

11. To the best of my knowledge after diligent inquiry, VitaminSpice did not in fact provide an indemnity bond or court order within the 30 day time period, nor did it withdraw its request to Stalt that a stop order be imposed on Plaintiffs' Stock Certificates ## 1203 and 1406, among others.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12.     As a result, registration of transfer was delayed for a nominal 30 days from the date of presentment in each case.

13.     As a practical consequence of Stalt's imposition of the stop order,  the end result was a delay ranging from 45 to 200 days, during which time the value of the shares suffered a precipitous decline by virtue of which Plaintiffs accrued losses totaling millions of dollars.

Executed under penalty of perjury under the laws of the state of California this 7th day of March, 2013.

By:     _____

Jehu Hand

# EXHIBIT 1

**To Affidavit of Jehu Hand**
**Case No. 11-CV-3718**

# Stalt, Inc.

July 12, 2010

Able Direct Marketing
25802 Victoria Blvd
Dana Point, CA 92624

To Whom It May Concern:

At the request of VitaminSpice, Stalt, Inc. has placed a Stop Order on the following certificate.

Able Direct Marketing, Certificate 1203 for 3,037,180 shares issued on 10/29/2009

Stalt, Inc. is treating this as an adverse claim. If the above mentioned certificate is properly presented for transfer VitaminSpice will have 30 days to get a court order or bond in place. If Stalt, Inc. does not have written evidence of one of these within 30 days we will remove the Stop Order and effect the transfer of the above mentioned certificate as presented if the transfer request has not been withdrawn.

If the certificate is presented for transfer all parties will be notified in writing.

For more information please contact VitaminSpice at (610) 994-1657.

Sincerely,

Ana Melgoza

cc: VitaminSpice

---

671 Oak Grove Avenue, Suite C  |  Menlo Park, CA 94025  |  650.321.7111  |  Fax 321.7113  |  www.stalt.com

# EXHIBIT 2

**To Affidavit of Jehu Hand**
**<u>Case No. 11-CV-3718</u>**

# Stalt, Inc.

October 7, 2010

Advanced Multilevel Concepts Inc.
25802 Victoria Blvd
Capistrano Beach, CA 92624

To Whom It May Concern:

At the request of VitaminSpice, Stalt, Inc. has placed a Stop Order on the following certificates.

| Certificate(s) Held | Issue Date | Issued Outstanding |
|---|---|---|
| 1406 | 09/07/2010 | 1,726,283 |
| 1407 | 09/07/2010 | 1,940,000 |

Stalt, Inc. is treating this as an adverse claim. If any of the above mentioned certificates are properly presented for transfer VitaminSpice will have 30 days to get a court order or bond in place. If Stalt, Inc. does not have written evidence of one of these within 30 days we will remove the Stop Order and effect the transfer of the above mentioned certificate(s) as presented if the transfer request has not been withdrawn.

If the certificate(s) is presented for transfer all parties will be notified in writing.

For more information please contact VitaminSpice at (610) 994-1657.

Sincerely,

Ana Melgoza-Muñoz

cc: VitaminSpice

# EXHIBIT 3

**To Affidavit of Jehu Hand**
**<u>Case No. 11-CV-3718</u>**

# Stalt, Inc.

January 5, 2011

VitaminSpice
996 Old Eagle School Rd., Suite 1102
Wayne, Pennsylvania 19087-1806

Dear Edward Bukstel,

As you are aware, VitaminSpice placed a Stop Order on certificate 1203 held by Able Direct Marketing.

The above referenced certificate in the name of Able Direct Marketing totaling 3,037,180 shares has been properly presented for transfer.

You have been given written notice in the past that this is being treated as an adverse claim. Stalt, Inc. is now giving you written notice that the above referenced certificate has been properly presented for transfer on January 4, 2011.

VitaminSpice has 30 days to provide Stalt, Inc. with a written notice of a court order or an indemnity bond in place or the Stop Order will be removed and the certificate presented will be transferred as requested, if the request for transfer is not withdrawn.

If you wish to remove the Stop Order please send Stalt, Inc. written instructions to this effect as soon as possible.

Sincerely,

Ana Muñoz

cc: The Depository Trust Company, Richard D. Givens, Wolfgang Heimerl & Able Direct Marketing

# EXHIBIT 4

**To Affidavit of Jehu Hand**
**Case No. 11-CV-3718**

# Stalt, Inc.

February 9, 2011

VitaminSpice
996 Old Eagle School Rd., Suite 1102
Wayne, Pennsylvania 19087-1806

Dear Edward Bukstel,

As you are aware, VitaminSpice placed a Stop Order on certificate 1406 held by Advanced Multilevel Concepts Inc.

The above referenced certificate in the name of Advanced Multilevel Concepts Inc totaling 1,726,283 shares has been properly presented for transfer.

You have been given written notice in the past that this is being treated as an adverse claim. Stalt, Inc. is now giving you written notice that the above referenced certificate has been properly presented for transfer on February 9, 2011.

VitaminSpice has 30 days to provide Stalt, Inc. with a written notice of a court order or an indemnity bond in place or the Stop Order will be removed and the certificate presented will be transferred as requested, if the request for transfer is not withdrawn.

If you wish to remove the Stop Order please send Stalt, Inc. written instructions to this effect as soon as possible.

Sincerely,

Ana Muñoz

cc: Richard D. Givens, Wolfgang Heimerl, Wilson-Davis & Co, Inc. & Advanced Multilevel Concepts Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2013, a copy of the foregoing Motion for

Partial Summary Judgment was electronically filed with the Clerk of the Court of the United

States District Court for the Eastern District of Pennsylvania and will be sent electronically to the

registered participants by the ECF system.


/s/ Dylan J. Steinberg
Dylan J. Steinberg