IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING, INC., ESTHETICS WORLD, INC., and INTERNATIONAL BUSINESS DEVELOPMENT, INC.<br>               Plaintiffs,<br><br>      v.<br><br>EDWARD BUKSTEL, VITAMINSPICE, INC., RICHARD F. SEELIG, and DOES 1 through 30, inclusive,<br>               Defendants.<br><br>EDWARD BUKSTEL and VITAMINSPICE, INC.,<br>               Counter-Plaintiffs,<br><br>      v.<br><br>ADVANCED MULTILEVEL CONCEPTS, INC., ABLE DIRECT MARKETING, INC., and ESTHETICS WORLD, INC.,<br>               Counter-Defendants.<br><br>      And<br><br>JEHU HAND,<br>               Third-Party Defendant. | CIVIL ACTION NO. 11-3718 |

**MEMORANDUM RE: DEFENDANT/COUNTER-PLAINTIFF
EDWARD BUKSTEL'S MOTION FOR RECONSIDERATION**

**Baylson, J.**                                                                                                               **March 17, 2015**

      In a motion filed December 19, 2014 (ECF 117), pro se Defendant/Counter-Plaintiff Edward Bukstel seeks reconsideration of the Court's December 9, 2014 Memorandum and Order (ECF 114 & 115) that denied his Motion under Rule 60, Fed. R. Civ. P., for Fraud on the Court

1

(ECF 106).[1] Plaintiffs Advanced Multilevel Concepts, Inc., Able Direct Marketing, Inc., Esthetics World, Inc., and International Business Development, Inc. filed their Opposition on January 5, 2015 (ECF 118). Third-Party Defendant Jehu Hand has not filed any response. For the reasons that follow, Bukstel's Motion for Reconsideration will be denied.

Motions for reconsideration are permitted by Local Rule 7.1(g). However, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Burger King Corp. v. New England Hood & Duct Cleaning Co., No. 98-cv-3610, 2000 WL 133756, at *2 (E.D. Pa. Feb. 4, 2000) (internal quotation marks omitted). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (internal quotation marks omitted). "Courts will consider an issue only 'when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice.'" Lei Ke v. Drexel Univ., No. 11-cv-6708, 2013 WL 5508672, at *3 (E.D. Pa. Oct. 4, 2013) (quoting NL Industries, Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995)). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Id. (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

Bukstel's Motion argues that a settlement agreement was never finalized by the parties, making the May 23, 2013 voluntary dismissal of this case "invalid." This argument is unavailing for several reasons. Factually, it directly contradicts Bukstel's position in related litigation in which he alleges a breach of contract because Third-Party Defendant Hand allegedly is not

---

[1] Although the title of Bukstel's present Motion refers to a non-existent Memorandum and Order dated October 9, 2014, the substance of the motion refers to the Court's December 9, 2014 Memorandum and Order.

complying with the settlement agreement in this case. See Compl. ¶¶ 1-2, 23-27 (ECF 6), No. 15-cv-375 (E.D. Pa.). Procedurally, Bukstel could and should have raised this issue in his initial Rule 60 motion. Nevertheless, even if this argument is properly presented, it does not change the outcome here.

First, to the extent Bukstel argues that a settlement is invalid absent a formal, written, signed settlement agreement, he is incorrect. Local Rule 41.1(b), which provides for voluntary dismissals with prejudice when the parties agree to settle a case, does not have any such requirement. Second, to the extent Bukstel argues that the parties never reached a settlement of any sort, his objection is too late. After a case is dismissed under Local Rule 41.1(b), the Rule requires an objecting party to move to vacate, modify, or strike the order of dismissal within 90 days. Bukstel did not do so, even though several of the emails that allegedly show the lack of a settlement agreement were sent during this time period. Finally, Bukstel has not cited (and the Court is unaware of) any authority holding that relief under Rule 60 is justified by a belated contention that a settlement, which was reported to the court, was not actually consummated. For all of these reasons, the Court's order dismissing this case on May 23, 2013 (ECF 102), which was entered at all parties' request, was valid and binding. Bukstel has not presented any new grounds that justify disturbing that order or granting relief from it under Rule 60.

The remainder of Bukstel's Motion reargues issues that the Court considered in its December 9, 2014 Memorandum. Bukstel contends that he was diligent during discovery, that various responses to interrogatories and requests for admission were false, and that the Court's decision conflicts with Averbach v. Rival Mfg. Co., 809 F.2d 1016 (3d Cir. 1987). The Court addressed these arguments and discussed Averbach at length in its December 9, 2014 Memorandum, and will not repeat its analysis again here.

An appropriate order follows.

O:\CIVIL 11\11-3718 Advanced Multilevel v Bukstel\11cv3718.Memo.MotionforReconsideration.2015.03.16.docx